UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN WATSON,

      Plaintiff,

  v.

D.C. WATER & SEWER AUTHORITY, *et al.*,

      Defendants.

Civil Action No. 16-2033 (CKK)

**MEMORANDUM OPINION**
(April 19, 2017)

Plaintiff, proceeding *pro se*, alleges that Defendants refused to hire him for a position as a water sewer worker in retaliation for his earlier participation in a class action lawsuit against Defendant D.C. Water and Sewer Authority ("Authority") in violation of Title VII of the Civil Rights Act of 1964. Defendants have moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Defendants argue that the Complaint must be dismissed because Plaintiff has not properly served any Defendant and that, regardless, the individual named-Defendants should be dismissed under Rule 12(b)(6) because they are not proper parties to a lawsuit brought under Title VII. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS-IN-PART and DENIES-IN-PART WITHOUT PREJUDICE Defendants' [5] Motion to Dismiss. The Court will dismiss certain

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss Pl.'s Am. Compl. ("Defs.' Mot."), ECF No. 5;
- Pl.'s Mot. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 8; and
- Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss ("Defs.' Reply"), ECF No. 9.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

individual Defendants from the case and grant Plaintiff an additional 30 days to properly serve the remaining Defendants.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). Further, because Plaintiff proceeds in this matter *pro se*, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's Opposition to Defendant's Motion to Dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

Plaintiff alleges that in 2013 he participated in a class action lawsuit against the Authority alleging that the Authority discriminated against African American employees. Am. Compl., ECF No. 3, at 1. Plaintiff claims that he had been constructively discharged because of his race. *Id.* After his participation in that lawsuit, Plaintiff allegedly applied for the position of water sewer worker, grade 6, with the Authority but was denied the position. *Id.* Plaintiff maintains that the Authority's failure to hire him for the position was an act of retaliation for his participation in the 2013 class action. *Id.* at 1-2. Plaintiff names Defendant George Hawkins in his Amended Complaint as the individual with ultimate responsibility for hiring and firing employees at the Authority, and Defendants Raymond Haynesworth, Alan Martin and Frank Baylor as Mr. Hawkins' management team "responsible for this process." *Id.* at 2-3.

## II. LEGAL STANDARDS

### A. Federal Rule 12(b)(5)

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation omitted).

### B. Federal Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendants first move to dismiss the Complaint for lack of adequate service. "Absent proper service of process, a Court may not exercise personal jurisdiction over the defendants named in the complaint." *Dominguez v. D.C.*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008). Plaintiff concedes that service has not been properly completed, but asks the Court to not dismiss his Complaint because he is proceeding *pro se* and his error was harmless and can be corrected. Pl.'s Opp'n at 4.

The Court is mindful that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Accordingly, the Court finds that dismissal of this *pro se* Complaint for failure to adhere to procedural requirements for service would not be appropriate at this time. That being said, "[t]he accommodation a court should provide a pro se litigant is not without limits." *Cruz-Packer v. D.C.*, 539 F. Supp. 2d 181, 188 (D.D.C. 2008). The Court will not simply ignore the requirement that service be effectuated and move forward with this case. Instead, the Court will give Plaintiff another opportunity to properly serve the Defendants, and file proof of such service, by May 19, 2017—30 days from the date of this Order. Plaintiff must properly serve Defendants by this date, **or risk dismissal of this case**. The Court will DENY Defendants' Motion to Dismiss for lack of effective service at this time WITHOUT PREJUDICE to it being refiled if service is not completed properly by May 19, 2017.

Lastly, Defendants alternatively move to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim against the four individual Defendants. In his Opposition, Plaintiff states that he "is not suing the Defendants Baylor, Haynesworth, and Martin as

4

individual Defendants under Title VII of the Civil Rights Act of 1964 and hereby dismisses them as Defendants." Pl.'s Opp'n at 1. Based on this representation, the Court GRANTS-IN-PART Defendants' Motion to Dismiss in that it DISMISSES Baylor, Haynesworth, and Martin as Defendants in this case. The Court does not reach the merits of Defendants' Rule 12(b)(6) motion with respect to Defendant Hawkins, whom Plaintiff has not agreed to voluntarily dismiss, because, as explained above, the Court does not yet have personal jurisdiction over Defendant Hawkins due to Plaintiff's failure to serve him. *See Hilska*, 217 F.R.D. at 23 n.10 ("to proceed to a Rule 12(b)(6) determination, the court must first determine that the plaintiff has properly effected service of process."). The Court does, however, note that Plaintiff has clarified his Complaint by explaining that Hawkins is "being sued in his capacity as the agent of the employer who is alone liable for a violation of Title VII," Pl.'s Opp'n at 6, and not as an individual Defendant who is allegedly himself liable.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART WITHOUT PREJUDICE Defendants' Motion to Dismiss. Defendants Baylor, Haynesworth, and Martin are DISMISSED from this case. Plaintiff must serve the remaining Defendants and file proof of such service by May 19, 2017. An appropriate Order accompanies this Memorandum Opinion.

Dated: April 19, 2017

                                                                          /s/
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge